**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRIAN DIXON, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| ZYMERGEN INC., JAY FLATLEY, SANDRA | ) | **FEDERAL SECURITIES LAWS** |
| PETERSON, STEVEN CHU, ZACH SERBER, | ) | |
| TRAVIS MURDOCH, MATTHEW OCKO, | ) | JURY TRIAL DEMANDED |
| ROHIT SHARMA, and CHRISTINE | ) | |
| GORJANC, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Brian Dixon ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Zymergen Inc. ("Zymergen" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Ginkgo Bioworks Holdings, Inc. ("Ginkgo").[1]

2. On July 24, 2022, the Company entered into an Agreement and Plan of Merger

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

with Gingko and Pepper Merger Subsidiary Inc. ("Merger Sub") (the "Merger Agreement"). The Merger Agreement provides that Gingko's stockholders will receive 0.9179 shares of Gingko stock for each share of Company common stock held.

3.  The Company's corporate directors subsequently authorized the September 14, 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.  It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder

---

[2] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for October 17, 2022.

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Zymergen common stock.

10. Defendant Zymergen is a Delaware corporation with its principal executive offices located at 5959 Horton Street, Suite 700, Emeryville, California 94608. Zymergen's shares trade on the Nasdaq Global Select Market under the ticker symbol "ZY." The Company designs, develops, and commercializes microbes, molecules, and materials. Zymergen offers an automation solution comprising reconfigurable automation carts, a modular hardware building blocks that allow for assembly of work cells customized for the particular needs of a lab; and automation control software, a cloud-based software used to control integrated automation systems.

11. Defendant Jay Flatley is and has been Chairman of the Board and Acting Chief Executive Officer and a director of the Company at all times relevant hereto.

12. Defendant Sandra Peterson is and has been a director of the Company at all times relevant hereto.

13.     Defendant Steven Chu is and has been a director of the Company at all times relevant hereto.

14.     Defendant Zach Serber is and has been a director of the Company at all times relevant hereto.

15.     Defendant Travis Murdoch is and has been a director of the Company at all times relevant hereto.

16.     Defendant Matthew Ocko is and has been a director of the Company at all times relevant hereto.

17.     Defendant Rohit Sharma is and has been a director of the Company at all times relevant hereto.

18.     Defendant Christine Gorjanc is and has been a director of the Company at all times relevant hereto.

19.     Defendant Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20.     On July 25, 2022, Gingko and Zymergen jointly announced in relevant part:

BOSTON and EMERYVILLE, Calif., July 25, 2022 /PRNewswire/ -- Today, Ginkgo Bioworks (NYSE: DNA) — the leading horizontal platform for cell programming — and the biotechnology company Zymergen (Nasdaq: ZY) announced they have entered into a definitive agreement under which Ginkgo will acquire Zymergen in an all-stock transaction that values Zymergen at an approximately $300 million market capitalization. Under the terms of the agreement, which have been unanimously approved by the boards of directors of both companies, Zymergen stockholders will receive a fixed exchange ratio of 0.9179 Ginkgo shares for each Zymergen share, representing 5.25% pro forma ownership of Ginkgo following the transaction.

This transaction brings together two highly complementary organizations that share the vision that biology can transform a wide range of industries including manufacturing, agriculture, and medicine. Ginkgo plans to integrate Zymergen's core automation and software technologies for scaling strain engineering capacity into its Foundry, including Zymergen's machine learning and data science tools for exploring known and unknown genetic design space. Ginkgo customers will also benefit from the expansion of Ginkgo's library of biological assets ("Codebase") following the transaction.

The agreement announced today represents Ginkgo's largest acquisition to date and is expected to significantly enhance Ginkgo's platform by integrating strong automation and software capabilities as well as a wealth of experience across diverse biological engineering approaches. Ginkgo is a horizontal platform, serving customers across industries rather than producing its own products, and will support Zymergen's plans to evaluate strategic alternatives for their Advanced Materials and Drug Discovery businesses, which have established valuable product pipelines and rapid prototyping capabilities. Additionally, Zymergen will continue its standalone cost restructuring initiatives, including headcount reductions and program rationalization. Finally, the addition of Zymergen personnel is expected to help fill planned hiring by Ginkgo as it scales the platform. Taken together, Ginkgo expects these actions to minimize incremental run-rate operating expenses in connection with the combination once integration is completed.

"We have always had incredible respect for the Zymergen team and the strength of the technologies that they have built for cell programming," said Jason Kelly, CEO and co-founder of Ginkgo Bioworks. "We are thrilled to integrate Zymergen's capabilities into our Foundry, which we expect to accelerate the growth of our platform as we continue to deliver on our mission to make biology easier to engineer for our customers, helping us drive down the costs of cell programming as we invest in scale. We can't wait to welcome Zymergen's technical teams, who will support our scaling objectives."

"At Zymergen, our team has built a world class and innovative technology platform which will complement Ginkgo's cell programming capabilities," said Jay Flatley, Chairman and Acting CEO of Zymergen. "We're excited about the opportunities created by combining our technologies to accelerate Ginkgo's platform development to better serve customers, promote Zymergen's public benefit purpose, and achieve our shared vision of sustainability and a world built on biology. The transaction also represents a compelling opportunity for our stockholders to participate in the future growth and upside potential of the combined company."

**Timing and Approvals**
The transaction is expected to be completed by the first quarter of 2023, subject to approval by Zymergen's stockholders, receipt of regulatory approvals, and satisfaction or waiver of other closing conditions.

**Advisors**
Allen & Company LLC is serving as financial advisor and Ropes & Gray LLP is serving as legal advisor to Ginkgo. Cowen and Company, LLC is serving as financial advisor and Freshfields Bruckhaus Deringer US LLP is serving as legal advisor to Zymergen.

**The Materially Incomplete and Misleading Proxy Statement**

21. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 14, 2022. The Proxy Statement, which recommends that Zymergen stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for the Company and Gingko, as well as the financial analyses underlying the fairness opinion provided by Cowen & Company, LLC ("Cowen"), financial advisor to the Board; and (b) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning Financial Forecasts for Zymergen and Gingko, as well as Cowen's Financial Analyses*

22. The Proxy Statement fails to disclose material information concerning the financial forecasts for Zymergen and Gingko, including the "Wall Street Projections" for each.[3] The Proxy Statement, moreover, wrongfully omits any financial forecasts for Gingko.

23. The Proxy Statement also fails to disclose material information concerning

---

[3] *See* Proxy Statement at 122, stating that Cowen relied upon "consensus estimates and financial projections in Wall Street analyst reports (together, referred to in this section as the "Wall Street Projections") for each of Zymergen and Ginkgo[.]"

6

Cowen's financial analyses.

24.     With respect to the *Discounted Cash Flow Analysis* for the Company performed by Cowen, the Proxy Statement fails to disclose: (a) Zymergen's terminal values; (b) the inputs and assumptions underlying the range of discount rates Cowen utilized in connection with the analysis; (c) Zymergen's fully diluted outstanding shares; and (d) the Company's estimated federal net operating loss carryforwards.

25.     With respect to the Selected *Public Companies* and *Selected Transactions Analyses* performed by Cowen, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by Cowen.

26.     With respect to the *Present Value of Analyst Price Target* analysis performed by Cowen, the Proxy Statement fails to disclose the individual price targets observed and the sources thereof.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

27.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any members of Company management have secured positions with the combined company.

28.     The Proxy Statement further fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Gingko and Zymergen's executive officers, including who participated in all such communications, when they occurred and their content.

29.     In addition, the Proxy Statement fails to disclose whether any of Gingko's proposals or indications of interest mentioned management retention in the combined company

following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information of Zymergen," "Opinion of Financial Advisor to Zymergen," "Background of the Merger" and "Interests of Zymergen's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Zymergen will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Zymergen**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Zymergen is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual

Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Zymergen within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Zymergen and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 28, 2022         **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*

11